UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

DARRICK DERNARD BELL, et al.,

        Defendants.

_____/

Case No. 17-cr-20183
Hon. Mark A. Goldsmith

**<u>OPINION & ORDER
(1) GRANTING IN PART DEFENDANT JANETTE GAGGO TAWFIK'S FIRST
MOTION FOR DISCOVERY (Dkt. 232), AND ALL JOINDER MOTIONS (Dkts. 233,
240, 244, 245, 247, 248, 252), DEFENDANT TERRY PRUITT'S MOTION TO
PRODUCE WITNESS LIST, EXHIBIT LIST, JENCKS ACT MATERIALS AND
CRIMINAL HISTORIES AND OTHER ITEMS (Dkt. 237), AND ALL JOINDER
MOTIONS (Dkts. 245, 249, 252), AND DEFENDANT HAROLD LASHAWN NERO'S
FIRST MOTION FOR DISCOVERY (Dkt. 241); (2) GRANTING TAWFIK'S
SECOND MOTION FOR DISCOVERY (Dkt. 282); AND (3) DENYING NERO'S
MOTION TO COMPEL DISCOVERY (Dkt. 274)</u>**

These matters are before the Court on Defendant Janette Gaggo Tawfik's motion for discovery (Dkt. 232),[1] Defendant Terry Pruitt's motion to produce witness list, exhibit list, Jencks Act materials and criminal histories and other items (Dkt. 237),[2] and Defendant Harold Lashawn Nero's motion for discovery (Dkt. 241). The Government has filed a response brief to all three motions (Dkt. 262), and Defendants Nero and Tawfik have filed reply briefs in support of their respective motions (Dkts. 266, 269). Defendant Tawfik also filed a second motion to compel discovery (Dkt. 282), to which the Government did not respond. And Defendant Nero filed a

---

[1] Defendants Harold Lashawn Nero, Jack Hana Yako, Michael Anthony Randol, Shelvie Lewis Avery, Terry Pruitt, Kemal Gabrail, and Charles Thomas Ford join this motion (Dkts. 233, 240, 244, 245, 247, 248, 252, respectively).

[2] Defendants Avery, Nero, and Ford join this motion (Dkts. 245, 249, 252, respectively).

1

second motion for discovery (Dkt. 274), to which the Government filed a response brief in opposition (Dkt. 275). For the reasons discussed below, the Court orders the Government to produce discovery under Federal Rule of Criminal Procedure 16 by September 6, 2019, a witness list by October 7, 2019, and material under Brady v. Maryland, 373 U.S. 83 (1962), by November 6, 2019.

## I. BACKGROUND

The charges in this case include sex trafficking and drug offenses, including distribution of controlled substances resulting in death. See Superseding Indictment (Dkt. 98). Because the Court has previously described the factual and procedural background of this case in greater detail in other opinions, it need not do so again for purposes of the present motion. See, e.g., 7/15/2019 Op. & Order (Dkt. 306) (denying Defendant Ford's motion for bond).

## II. STANDARD OF DECISION

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)).

The first is the Brady doctrine, derived from Brady v. Maryland, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness. Watson, 787 F. Supp. 2d at 672 & n.5.

The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the

defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." Watson, 787 F. Supp. 2d at 672 (citation and quotation marks omitted); Presser, 844 F.2d at 1285 ("[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." (emphasis added)).

The third is the Jencks Act, which "'generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at trial.'" Watson, 787 F. Supp. 2d at 672 (quoting United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982)); 18 U.S.C. § 3500(b);[3] see also United States v. Davis, 306 F.3d 398, 421 (6th Cir. 2002) ("When Brady material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure."); Presser, 844 F.2d at 1282-1285 (holding that neither Brady, Giglio v. United States, 405 U.S. 150 (1972), nor Rule 16 gives a defendant the right to broad pretrial discovery of impeachment evidence, the disclosure of which is instead controlled by the Jencks Act).

### III. DISCUSSION

Defendants seek disclosure of Jencks Act, Brady, and Rule 16 material. See Tawfik Mot. ¶¶ 3-7 (Dkt. 232); Pruitt Mot. ¶¶ 2-19 (Dkt. 237); and Nero Mot. at 4-8. The Government argues that the motions should be denied because it represents that it will timely honor its discovery

---

[3] Section 3500(b) provides, in full: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." (Emphasis added).

3

obligations. Gov't Resp. at 3. It says that it will provide Jencks Act material and witness lists one week before trial, and all other material in time for use at trial. The Court will address the motions under the three governing rules in turn.

**A. Jencks Act Material**

Defendants argue that any Jencks Act material should be disclosed sixty days before trial to permit the trial to proceed in an efficient manner and to protect Defendants' inherent right to a fair trial. See Tawfik Mot. ¶ 3 and Br. at 10; Pruitt Mot. ¶ 8. The plain language of the Jencks Act, however, prohibits a district court from ordering disclosure of this material before a witness has testified on direct examination. See 18 U.S.C. § 3500(a);[4] see also United States v. Fletcher, 295 F. App'x 749, 753 (6th Cir. 2008) ("[A]ny [Jencks Act] materials disclosed prior to trial exceeded the government's obligation under the Act."); United States v. Boykins, 915 F.2d 1573 (Table), at *5 (6th Cir. 1990) ("The Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court has no discretion to require disclosure of Jencks Act material before a witness testifies." (citing United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982))); Presser, 844 F.2d at 1283 ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the [Jencks] Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial."). Because this Court lacks the authority

---

[4] Section 3500(a) provides, in full: "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." (Emphasis added).

4

to compel pretrial disclosure of Jencks Act material, Defendants' motions are denied in this respect.[5]

### B. Rough Notes under the Jencks Act

Defendants also seek disclosure of "rough" notes. Pruitt Mot. ¶ 8; Nero Mot. at 6. Rough notes generally refer to interview or other notes taken by law enforcement. Defendants argue that early disclosure of rough notes will avoid unnecessary recesses and delays by defense counsel to properly use the rough notes for cross-examination. The Government does not object to maintaining rough notes and represents that it has reminded law enforcement to do so. Gov't Resp. at 14. However, it argues there is no obligation to produce the rough notes at this time. Id. The Government has the better part of the argument.

The Government points out correctly that as a general matter rough notes are not discoverable. See United States v. Neuhard, No. 15-CR-20425, 2016 WL 6871454, at *12 (E.D. Mich. Nov. 22, 2016) ("Sixth Circuit precedent supports the Government's argument that rough notes are typically not discoverable." (citing United States v. Stephens, 492 F.2d 1367, 1377 (6th Cir. 1974))). Under limited circumstances, rough notes may be produced under the Jencks Act.

As noted previously, the Jencks Act requires the Government to turn over a statement of a witness after the witness has testified on direct examination. A "statement" includes a writing that is a "substantially verbatim" recitation of the witness's statement that was made

---

[5] The Sixth Circuit has recognized that, although there is no obligation to disclose Jencks Act material before trial, the "better practice . . . is for the government to produce such material well in advance of trial so that defense counsel may have an adequate opportunity to examine that which is not in dispute and the court may examine the rest in camera, usually in chambers." United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Here, the Government has agreed to disclose this material one week before trial, unless safety concerns arise. Gov't Resp. to Def. Tawfik at 8 (Dkt. 262). At the final pretrial conference, the Court will address and confirm the timing for turning over Jencks Act materials as to specific witnesses.

"contemporaneously" to the statement. See Palermo v. United States, 360 U.S. 343, 351 (1959). According to the Sixth Circuit's "adoption test," which is used to determine whether a statement must be produced under the Jencks Act, "a government report or notes of a witness' statement must be produced 'if the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation.'" United States v. Farley, 2 F.3d 645, 654 (6th Cir. 1993) (quoting United States v. Williams, 962 F.2d 1218, 1224 (6th Cir. 1992)); see also United States v. Stephens, 492 F.2d 1367, 1377 (6th Cir. 1974) ("The Jencks Act applies to a 'substantially verbatim recital' of an oral statement by a witness and does not apply to an officer's rough notes.").

Assuming a witness has adopted statements in any government agent's notes or reports that would require production under the Jencks Act, a district court is prohibited from ordering disclosure of this material before trial. See Fletcher, 295 F. App'x at 753. And because the Government has indicated that it will maintain any rough notes, an order from this Court directing such retention and preservation is unnecessary. See United States v. Graham, No. 15-20652-05, 2016 WL 6158962, at *2 (E.D. Mich. Oct. 24, 2016) (denying as moot the defendant's motion for government agents and law enforcement officers to retain rough notes where the government responded that it will retain such notes and is aware of its disclosure obligations). Therefore, Pruitt's and Nero's motions are denied in this respect.

### C. Brady Material

Defendants seek all Brady material in the Government's possession, or that can be reasonably obtained from other sources, as soon as possible. Tawfik Mot. ¶ 4 and Br. at 6-10. Defendants argue that in light of the voluminous discovery in this case, delaying production of exculpatory evidence will compromise their ability to investigate and prepare their respective

defenses and will undermine effective use of the Court's time and, therefore, should be disclosed immediately. The Government represents that with respect to exculpatory Brady evidence, it will be produced when it becomes aware of such evidence. Gov't Resp. at 9. With respect to impeachment evidence under Brady and Giglio, it will produce the evidence "in time for use at trial." Id. at 11. Although the Court agrees with Defendants that early pretrial disclosures of Brady material is warranted in this case, it disagrees that such disclosures must be made immediately.

While there is no question the Government has a constitutional duty to disclose evidence that is favorable to defendants and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness, see Brady, 373 U.S. at 87; Giglio, 405 U.S. at 154, what the Supreme Court has left unresolved is precisely when this disclosure must be made, United States v. Brown, No. 5:16-097, 2017 WL 1455006, at *2 (E.D. Ky. Apr. 21, 2017) (recognizing that "[t]here is no hard and fast rule for when this material must be disclosed"); United States v. Hogg, No. 13-CR-20809, 2014 WL 1328170, at *3 (E.D. Mich. Apr. 2, 2014) (same).

Because the timing of disclosure ultimately depends on the circumstances of each case, several courts, including the Sixth Circuit, have held that a defendant's constitutional rights are not violated so long as the defendant is provided Brady material "in time for its effective use at trial." Presser, 844 F.2d at 1283 (citing United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984); United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983)); accord United States v. Smith Grading and Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985). Nonetheless, district courts have the discretion to order disclosure of Brady material at a particular time in advance of trial to "ensure the effective administration of the criminal justice system" and "avoid a constitutional violation." Watson, 787 F. Supp. 2d at 674 (quoting Hart, 760 F. Supp. at 654); see also United States v. Hayes, 376 F. Supp. 2d 736, 739 (E.D. Mich. 2005) (same); accord United States v. Mohamed,

7

148 F. Supp. 3d 232, 246 (E.D.N.Y. 2015) ("[A] district court has the discretion to order Brady/Giglio disclosure at any time as a matter of sound case management.").

Given the nature of this case—involving a complex drug and human trafficking conspiracy with more than a year of video evidence—coupled with the amount of time defense counsel will likely need to properly investigate and make effective use of the Brady material based on strategic and tactical decisions, the Court finds that early pretrial disclosure is appropriate. See Mohamed, 148 F. Supp. 3d at 246 (noting that early disclosure may be appropriate where defense counsel would require significant time to investigate and make effective use of the disclosure); Watson, 787 F. Supp. 2d at 674 (recognizing the "valuable role that knowledge of Brady information has in permitting defendants to prepare a vigorous defense and thus preserving a criminal defendant's right to a fair trial"); see also DiSimone v. Phillips, 461 F.3d 181, 197 (2d Cir. 2006) ("The more a piece of evidence is valuable and rich with potential leads, the less likely it will be that late disclosure provides the defense with an 'opportunity to use.'"); Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001) ("[T]he longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use.").[6] Although Defendants request that Brady material be disclosed immediately, the Court concludes that two months before trial will provide an adequate period for trial preparation.

Accordingly, the Court orders the Government to disclose Brady material in its possession on or before November 6, 2019. See, e.g., United States v. Mills, No. 16-cr-20460, 2019 WL

---

[6] In its response, the Government avers that it understands its obligations under Brady and Giglio and will continue to comply with those obligations. Govt' Resp. at 11 (Dkt. 262). While courts generally do not compel immediate disclosure of Brady material where the Government acknowledges its obligations under Brady and states that it will comply with those obligations, early disclosure "may be appropriate where the Defense would require significant time to investigate and make effective use of the disclosure." See Mohamed, 148 F. Supp. 3d at 246.

549171, at *3 (E.D. Mich. Feb. 12, 2019) (ordering disclosure of Brady material sixty days before trial because of the complexity of the trial coupled with the amount of time defense counsel likely needs to properly investigate and make use of Brady material); United States v. Aparo, 221 F. Supp. 2d 359, 366-367 (E.D.N.Y. 2002) (ordering disclosure of Giglio materials no later than four weeks before trial because of the complexity of the multi-defendant conspiracy and racketeering case); United States v. Sourlis, 953 F. Supp. 568, 577 (D.N.J. 1996) (ordering disclosure of Brady material as soon as it comes into the possession of the Government).

To the extent that any of this Brady material is covered by the Jencks Act, however, the terms of that Act govern the timing of the Government's disclosure. See United States v. Brazil, 395 F. App'x 205, 215 (6th Cir. 2010); Davis, 306 F.3d at 421; United States v. Bencs, 28 F.3d 555, 561 (6th Cir 1994). Because the plain language of the Act prohibits a district court from ordering disclosure of this material before the witness has testified on direct examination, see United States v. Mills, No. 16-cr-20460, 2019 WL 76868, at *2 (E.D. Mich. Jan. 2, 2019), this Court lacks the authority to compel pretrial disclosure of Brady material that is also covered by the Jencks Act. Nevertheless, the Government has agreed to disclose Jencks Act material seven days before trial. Gov't Resp. at 8 (Dkt. 262). Therefore, any Brady material that is also covered by the Jencks Act shall be disclosed at that time.

### D. Rule 16 Material

Defendants seek the disclosure of any statements they made to government agents and the disclosure of any Government expert witnesses who will be testifying at trial. Tawfik Mot. ¶ 6; Pruitt Mot. ¶¶ 7, 9, & 11; Nero Mot. at 6. The Government represents that it will not be calling any expert witnesses and that it will confirm with the discovery coordinator that it has provided any statements required by Rule 16(a)(1)(B)(ii). The Government also notes that it is aware of its

ongoing disclosure obligations under Rule 16 and will continue to comply with the Rule. Gov't Resp. at 15-16.

Rule 16 controls the discovery of materials within the Government's possession, custody, or control regarding defendants. Upon request, Rule 16 requires the Government to disclose, among other things, a defendant's oral statements made to government agents, a defendant's written or recorded statements, and information related to expert witnesses the Government intends to use at trial. Fed. R. Crim. P. 16(a)(1)(A, B, & G). Additionally, Rule 16 requires the Government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items," Fed. R. Crim. P. 16(a)(1)(E), as well as disclosure of reports of examinations and tests, Fed. R. Crim. P. 16(a)(1)(F).

The Government does not dispute that to the extent Rule 16 material exists, it must be produced. The Government represents that it will verify that all statements by Defendants made to government agents have been disclosed and that it does not intend to call any expert witnesses in its case in chief. With respect to documents and objects, Nero's counsel says that his paralegal had difficulty obtaining documents, but eventually was able to obtain them. Nero Reply at 2 (Dkt. 269). Nero filed a second motion seeking documents that will be addressed in Section II(G) of this opinion. Nero also seeks any drug tests and results under Rule 16(a)(1)(F). Nero Mot. at 6. The Government does not respond to this last request.

Because there is no dispute with respect to disclosure of Defendant statements made to government agents and the Government does not intend to call expert witnesses, Defendants' motions will be denied without prejudice as to disclosures under Rule 16(a)(1)(A)-(B), and (G). If there are any documents or objects in the Government's possession within the meaning of Rule

16(a)(1)(E), the matter will be addressed by the resolution of Nero's second motion (Dkt. 274) below. With respect to any reports of examinations and tests within the meaning of Rule 16(a)(1)(F), the Government does not set forth any response. Therefore, Defendants' motions are granted with respect to disclosure of any reports of examinations and tests. Additionally, the Court will require the Government to make any outstanding disclosures under Rule 16 no later than September 6, 2019. See Fed. R. Crim. P. 16.1 (effective December 1, 2019) ("[O]ne or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial.").

### E. Government Witness List

Defendants seek the disclosure of the Government's witnesses and their respective contact information. Pruitt Mot. 2; Nero Mot. at 6. The Government agues that the default rule in the Sixth Circuit is that a defendant is not entitled to a list of names and addresses of its witnesses and therefore should not receive the information. Gov't Resp. at 11. Nonetheless, the Government represents that it is willing to exchange witness lists one week before trial. Id. The Government is correct that disclosure of its witness list is not a matter of right. However, the Court has the discretion to order such disclosures and will exercise that discretion here.

The Court has the authority to order disclosure of the Government's witness list in advance of trial. See United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (per curiam) (although "[i]t is well recognized that defendants cannot obtain lists of prosecution witnesses as a matter of right," "the district court has discretion to order the prosecution to produce it"). In Kendricks, the trial court ordered disclosure at least 48 hours before trial. Id. Other courts have required earlier disclosure. See United States v. Jackson, 508 F.2d 1001, 1006 (7th Cir. 1975) (district court has authority to order both parties to disclose their witness lists approximately three

months before trial); United States v. Zhuta, No. 09CR357A, 2011 WL 1330855, at *1 (W.D.N.Y. April 6, 2011) (noting that local practice requires disclosure thirty days before trial); United States v. West, No. 08 CR 669, 2010 WL 2293392, at *5 (N.D. Ill. Jun. 2, 2010) (witness lists must be filed fourteen days before trial).

Given that the Court is ordering that the Government turn over considerable materials in advance of trial, some of which may identify Government witnesses, there does not appear to be a reason for withholding the names of witnesses beyond that time. Accordingly, the Court will order the Government to furnish Defendants with a witness list and contact information no later than October 7, 2019. Should there be a security reason for withholding a name and contact information from the witness list or withholding the name of a witness from Brady material, the Government must file an ex parte motion for a protective order under seal no later than 21 days before the date when such information would otherwise have to be disclosed under this Order.

**F. Grand Jury information**

Defendants Pruitt and Nero seek the disclosure of Grand Jury information. Pruitt Mot. ¶ 2(e); Nero Mot. at 6. The Government argues that Defendants have not provided any grounds for disclosing grand jury information. The Government is correct.

Federal Rule of Criminal Procedure 6(e) provides the following:

The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:

(i)   preliminarily to or in connection with a judicial proceeding;

(ii)  at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

Fed. R. Crim. P. 6(e)(3)(E)(i-ii) (emphasis added).

Defendants have provided no grounds to justify disclosing grand jury information. Pruitt simply says that "[i]n order to prepare for trial, Defendant needs . . . [c]opies of all grand jury transcripts." Pruitt Mot. ¶ 2(e). Nero says that "[i]n order to facilitate potential resolution of this matter, early release of any grand jury transcripts and witness statements" is requested. Nero Mot. at 6. However, the Supreme Court has "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983) (citing cases). To show a particularized need for disclosure of grand jury materials, the moving party must show that "(a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." Fed. Deposit Ins. Corp. v. Ernst & Whinney, 921 F.2d 83, 86 (6th Cir. 1990) (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222-223 (1979)). Defendants have made no such showing. Accordingly, the Court denies the motions with respect to grand jury information.

### G. Nero's request for discovery under Federal Rule of Criminal Procedure 12(b)(4)(B)

Nero also seeks discovery under Federal Rule of Criminal Procedure 12(b)(4). See generally Nero Mot. (Dkt. 241). He filed a subsequent motion (Dkt. 274) seeking similar relief. Nero, however, misunderstands the purpose of Rule 12(b)(4).

"Rule 12(b)(4)(B) is not a discovery rule defining what material the government must produce; that is the function of Rule 16." United States v. Ishak, 277 F.R.D. 156, 160 (E.D. Va. 2011). "Rather, [it] is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence—probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief." Id. The advisory committee notes make clear that the purpose of requiring notice of

13

"specified evidence" under Rule 12 is to ensure that "a defendant knows of the government's intention to use evidence to which the defendant may want to object," thereby "avoid[ing] the necessity of moving to suppress evidence which the government does not intend to use[.]"[7] Rule 12(b)(4)(B) specifically provides that

> [a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Nero is not seeking notice of whether the Government intends to rely on specific evidence in its possession. Although Nero refers to Rule 12(b)(4)'s notice requirement, he requests an order requiring the Government to provide him with specific categories of evidence listed under Rule 16. See generally Nero Mot. at 6; 2d Nero Mot. at 4-5. The Government states that it is aware of its Rule 16 obligations and that it will continue to comply with them. Gov't Resp. at 15-16.

In its response to Nero's second motion, the Government argues that his motion is moot, because the Government has either already provided the disclosures or made the information available for inspection. 2d Gov't Resp. at 2. The Government represents that it made disclosures and continues to make disclosures as information becomes available. Id. at 3 (noting disclosures of evidence recovered during the execution of the search warrant, including photographs of Nero's room at the Victory Inn, his social security card, and his Henry Ford College student ID card). The Government also says that it has made room receipts and other documents seized from the Victory Inn available for inspection by defense counsel, and has done so since the inception of this case. Id. Because the review process is ongoing, the Government confirms that it will also produce a

---

[7] The 2002 amendments replaced the former Rule 12(d)(2) with Rule 12(b)(4)(B). See United States v. Smith, 277 F. App'x 187, 191 n.3 (3d Cir. 2008).

summary index of room receipts and will update the summary on an ongoing basis. Id. at 5. Notably, Nero did not file a reply brief addressing the Government's assertions in its response brief that the relief he seeks is moot.

Because Nero is seeking discovery rather than notice under Rule 12(b)(4)(B), and the issues appear moot, Nero's motions (Dkts. 241 & 274) are denied without prejudice in this respect.

**H. Tawfik's Motion to Correct Deficiencies in Discovery Materials (Dkt. 282)**

Defendant Tawfik also filed a motion seeking to compel the Government to immediately produce discovery materials. Tawfik Mot. to Compel (Dkt. 282). Specifically, Tawfik's counsel, along with the discovery coordinator, Christopher Antone, have made repeated attempts to reach Government counsel regarding problems with some of the video discovery. See Exs. A-B to Tawfik's Mot. (Dkts. 282-1, 282-2). Additionally, Tawfik's counsel seeks to compel the Government to produce paper documents for review at the IRS offices on Michigan Avenue in Detroit. Tawfik Mot. ¶ 6. He says that despite arranging to review documents at the IRS office on May 2, 2019, when defense counsel's paralegal and investigator arrived, the IRS agent on duty was unable to produce the documents requested. Id. The agent said that he would investigate the matter and get back to them, which had not happened by the time this motion was filed. Id. The Government did not respond to Tawfik's motion.

When the Government fails to comply with a disclosure requirement, a district court may, for good cause, grant appropriate relief. Fed. R. Crim. P. 16(d)(1). Tawfik's counsel represents that the Government has failed to respond to his concerns with discovery. Additionally, the Government has failed to respond to Tawfik's present motion and the time for doing so has expired. Accordingly, the Court finds that there is good cause to grant Tawfik's motion for discovery (Dkt. 282), because she has identified problems with discovery and the Government has

failed to respond appropriately. The Court orders the Government to correct any noted video evidence deficiencies within 21 days and make available the documentary evidence described in Tawfik's motion within the same timeframe.

## IV. CONCLUSION

For the above stated reasons, Tawfik's first motion for discovery (Dkt. 232), and all joinder motions (Dkts. 233, 240, 244, 245, 247, 248, 252), Defendant Terry Pruitt's motion to produce witness list, exhibit list, Jencks Act materials and criminal histories and other items (Dkt. 237), and all joinder motions (Dkts. 245, 249, 252), and Nero's first motion for discovery (Dkt. 241) are granted in part. The Government must disclose Rule 16 material not covered by the Jencks Act no later than September 6, 2019, its witness list no later than October 7, 2019, and Brady material not covered by the Jencks Act no later than November 6, 2019. The motions are denied in all other respects. Tawfik's second motion for discovery (Dkt. 282) is granted. The Government must correct any noted video evidence deficiencies described in Tawfik's second motion for discovery as well as make available the documentary evidence described in the motion within 21 days of today's date. Nero's second motion to compel discovery (Dkt. 274) is denied without prejudice.

SO ORDERED.

Dated: July 31, 2019  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
                                                    United States District Judge