UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

v

D-2 JANETTE TAWFIK GAGGO

             Defendant.

Case No. 17-20183

Hon. Mark A. Goldsmith

_____/

## MOTION IN LIMINE AND COMBINED BRIEF

The Defendant, through her attorney, Michael S. Friedman, states as follows:

1. The Government has provided voluminous amounts of discovery to all Defendants, much of which consisted of video recordings and audio/video recordings taken by cameras installed by management at the former Victory Inn location on Michigan Avenue in Detroit. There is also a considerable amount of video only recordings taken by a Government installed pole camera.

2. The Government also has provided a list of approximately 1,700 excerpts from Victory Inn video which it has described as being possibly inculpatory, some of which may be offered in evidence at trial. Accompanying these lists are brief notes compiled by Government Agents as to what the video clips purport to depict. No transcripts or summaries of the audio portion of video recordings have as yet been provided.

3. Cameras 1 and 2 from the Victory Inn recordings contain both audio and video from the office and lobby area of the Inn and a significant number of these recordings are of conversations involving the Defendant, Tawfik Gaggo, as well as Co-Defendants.

4. The Government has stated that it may prepare transcripts of the portions of audio materials that it will play for the jury, and that these transcripts will not be ready for review by

the defense until shortly before the scheduled trial date of September 9, 2020. The Defendant recognizes that it is within the Court's discretion to permit the use of transcripts, *United States v Robinson*, 707 F2d 872, 876 (6th Cir 1983). However, having transcripts submitted shortly before trial will not afford the parties or the Court an adequate opportunity to follow the requirements for their use as set forth in *United States v Segines*, 17 F3d 847, 854 (6th Cir 1994) and *United States v West,* 948 F2d 1042, 1044, fn. 1 (6th Cir 1991).

5. The procedures set forth in *Segines, id.* and *West, id.* require that the parties first attempt to stipulate to the content of a transcript. If unable to do so then the trial judge, prior to trial, is to determine accuracy by reading the transcripts against the recordings. This, of course, assumes that enough of the recordings are audible and intelligible so that the jury can consider their content. *United States v Robinson, supra.*

6. Due to the sheer volume of video and audio/video recordings it is requested that if the Government decides to utilize transcripts, and the Court in its discretion permits their use, then the defense should be given an adequate opportunity to review them prior to trial. This will enable the parties to attempt to stipulate to as much as possible regarding their accuracy, while giving the Court adequate time to resolve discrepancies. In an Opinion and Order issued by this Court in *United States v Norwood et al,* 12-20287 (Dkt. 408) this Court Ordered that the Government disclose final versions of transcripts approximately 60 days prior to trial, which the docket sheet indicates lasted for some 7 weeks, a significantly shorter time than trial is projected to last in the instant case.

7. The Government has stated that Agents may be called as witnesses to explain the content of videos that will be played at the trial. The Defendant is concerned that this will go beyond permissible limits, such as defining slang terms or statements made in code. For example, a video

clip from 11/29/16 has an explanatory note describing the Defendant leaving the Inn with 2 large bags and a large envelope, and concluding that was a "possible handoff". Testifying in such a manner as to confirm this conclusion should not be permitted since it would be argument better left to counsel to present.  Government Agents should be prohibited from stating their interpretation of the videos or offering opinions as to what the videos depict. See, for example, *United States v Freeman,* 730 F3d 590, 597 (6th Cir 2013) for the proposition that a lay witness (the Government has stated it does not intend to offer expert testimony) should not "form conclusions for a jury that they are competent to reach on their own".  See also, *Scott v Harris,* 550 US 372, 380, 127 S Ct 1776 (2000) holding that a jury can easily see and interpret a video recording which has not been altered when there is no claim that it does not depict what actually occurred.

       8. As stated in *Freeman, supra* at 598 an Agent, if a proper foundation is laid, may be permitted to explain coded words or other cryptic comments, but he should not be permitted to opine about "common words used in common ways".

       9. Although the Order entered in the instant matter setting trial for September 9, 2020 and other relevant dates (Dkt. 373) did not set new dates for disclosure of witness lists, Brady and Rule 16 materials, the Court's Opinion and Order entered on July 31, 2019 (Dkt. 307) required Brady material to be disclosed 60 days prior to trial, Rule 16 disclosures to be made 120 days prior to trial and witness lists prepared 90 days prior to trial.  Jencks materials are to be released 7 days prior to trial.  The Defendant requests that an Order be entered clarifying that these items are to be produced at the appropriate time prior to the new trial date of September 9, 2020.

       10. The Defendant further requests that if the Government intends to prepare transcripts of audio/video recordings that they be submitted to the Defendant at least 120 days prior to trial so that

3

the parties may have an opportunity to stipulate to accuracy. The Defendant also requests that any witnesses testifying regarding content of recorded conversations be limited to explaining terms which are beyond the ordinary comprehension of jurors and not offer conclusions or opinions which are within the purview of the jury alone to determine.

11. Counsel states that he has spoken directly with AUSA Jerome Gorgon who does not consent to the relief sought in this Motion as it relates to the timing of transcript preparation or limitations on the testimony of Agents regarding the content of audio recordings.

Respectfully submitted,

*/s/ Michael S. Friedman*
Michael S. Friedman
Attorney for Janette Tawfik Gaggo

January 3, 2020.

## CERTIFICATE OF SERVICE

I certify that I filed the above Motion on January 3, 2020 using the court's electronic filing system, which will provide copies to all persons entitled to receive same.

*/s/ Michael S. Friedman*
Michael S. Friedman