UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        No. 17-20183

    Plaintiff,

        Hon. Mark A. Goldsmith

v

JANETTE  TAWFIK GAGGO,

    Defendant.

_____/

## MOTION AND COMBINED BRIEF TO RELEASE DEFENDANT FROM DETENTION

The Defendant, Jannette Tawfik Gaggo, by her attorney, Michael S. Friedman, states as  follows:

1.  On March 30, 2020 the Defendant will have been in pretrial detention for exactly 3 years.  Although detention hearings were conducted previously before this Court and Magistrate Judge Mona Majzoub, there is now information which was not known at the time of the detention hearings which would justify this Court reconsidering its previous decision to deny pretrial release.  Detention proceedings can be re-opened on these grounds, 18 USC §3142(f).

2.  The Defendant submits that the current COVID-19 pandemic is just such new information which did not exist at the prior hearings which would justify her being released to home confinement.

3.   Attached as Exhibits are declarations of two medical docotors and a professor of epidemiology, who is also a medical doctor, which discuss in detail the danger of COVID- 19, and the potentially  serious and dangerous implication for inmates and staff at detention facilities as well as the general public.   These declaration were submitted in a Motion to Revoke a Pretrial Detention Order filed by the Defendant in *United States v Toro,* 19-00256, pending in the District Court for the Eastern District of California.

4.  The seriousness of the COVID-19 pandemic cannot be underestimated, and the fact that Michigan has just been declared a disaster area by the federal government should make this fact abundantly clear.  The spread of the virus in Michigan approaches that of California, a state with four times the population of Michigan, and there can be no doubt that COVID-19 will do anything other than increases exponentially in the coming weeks and months. Michigan as of March 28 has  4,650  cases  (up  from  3,657  the  previous  day  according  to  the  Michigan Department of Heath).  This is the fourth highest total in the country behind only New York, New Jersey and California according to Statista.com.  Although Sanilac County, where the Defendant is being detained,  had only 2 cases as of March 27 there is no reason to doubt that there will be a significant increase there as has happened throughout the state. The attached declarations demonstrate that persons

2

in custody are at greater risk than the general population.

5.  Pursuant to 18 USC §3142(g)(3)(A) a person's physical condition is a factor a judicial officer is to consider in making a decision regarding pre-trial release along with family ties, employment, financial resources, length of residence, community ties, past conduct, drug or alcohol abuse and criminal history. The risk to the Defendant's physical health is great as demonstrated by ¶¶ 11-19 of the Beyrer declaration, ¶ 13 of the Golob declaration and ¶¶ 10-13 of the Greifinger declaration. Janette Gaggo is 43 years of age and she suffers from high blood pressure. In fact over the past year while in detention she has had two instances where she fainted and fell injuring herself, although not seriously. In order to mitigate the chances of the Defendant contracting COVID-19 and to reduce the chance of the virus spreading among staff and inmates at the Sanilac County jail she should be released to home confinement immediately.

6.  Prior to her arrest on March 30, 2017 the Janette was divorced and was living with her 4 children, ranging in age from 23 to 15 in a large manufactured home in Macomb Township. Since her arrest she re-married her husband, and if released would continue to reside at the family home. Arrangements can be made for her to have a separate bedroom for her own individual use for at least a 14 day quarantine period. The Court's prior Opinion and Order denying Janette's request for pretrial

release (Doc # 48) did note that she had rebutted the presumption for detention.  The Opinion also cited to her  criminal history consisting of only one conviction for retail fraud, her strong family ties, and a steady work history.  Although she was raised in Oak Park,  Janette has resided in Macomb County since 1973.  She has no history of alcohol or drug abuse, although the Court did refer to her lack of character in bringing the Co-Defendant Bell to her home.

7.  With respect to the Defendant's involvement with Bell, it is submitted that this is another changed circumstance justifying a reconsideration of the Court's detention Order.  One of the government's argument against pretrial release  was based on a claim that while Bell was at large there was a danger she would attempt to abscond in order to reunite with him.  However, since the Indictment was issued she has come to realize that she was seduced, used and mislead by him.   Being held in custody for three years should lead no one to doubt that her prior misplaced devotion to Bell could ever be rekindled.  In addition, because Bell is no longer at large this should not be a factor weighing in favor of detention.

8.  The Court's Opinion and Order denying the Defendant's request for pretrial release also referred to the seriousness of the charges against her.  The most serious of which are found in Counts 15 and 17 which charge distribution of a controlled substance causing death or serious injury and carry a mandatory minimum sentence

of 20 years, 18 USC § 841(b)(1)(C). However, the recent decision of the Court of Appeals released on March 6, 2020 in *United States v Hamm* __F3d__, 2020 WL 1071040 (6th Cir 2020) holds that before a defendant can be convicted under this provision there must be evidence that the persons so charged were directly involved in the distribution chain to victims. It is submitted that the government will be unable to sustain this burden.

9. The concurrence of Assistant U.S. Attorney Jerome Gorgon, Jr has been sought in the relief requested in this Motion, but as of the filing no response has been received. However, it is doubted that the government will concur.

The Defendant again requests that the prior Order for Detention be set aside and the Defendant released to home confinement under such terms and conditions as the Court deems appropriate.

Respectfully submitted,

*s/ Michael S. Friedman*
Michael S. Friedman
Attorney for Defendant

March 29. 2020

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 29, 2020 the above document was filed with the Court's electronic filing system, which will serve all parties entitled to copies.

<u>*/s/ Michael S. Friedman*</u>
Michael S. Friedman